

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN  
XXXXXXXXXXXXXXXXXXX  
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable R. T. Burns  
County Attorney  
Walker County  
Huntsville, Texas

Dear Sir:           Opinion No. 0-1702  
                Re: May a person who has not paid his poll tax  
                        be a candidate for Representative

This will acknowledge receipt of your telegram of November 15, 1939, and your letter of November 17. We wish to thank you for the able brief which you submitted with your letter.

The question as presented to us in your telegram reads:

> "Would like to know definition of 'qualified elector' and if person who has not paid poll tax is eligible to have name placed on ballot for representative in special election?"

We regret to advise that we are not authorized to answer your question for the reason that the Constitution of Texas, in Article 3, Section 8, gives to the House of Representatives the exclusive power to determine the eligibility of its members, in the following language:

> "Each House shall be the judge of the qualifications and election of its own members."

In Dickson v. Strickland, 114 Tex. 176, 265 S. W. 1012, the Supreme Court of Texas was asked to pass upon the qualifications of Mrs. Miriam A. Ferguson for Governor of the State but held that neither it nor the district court had jurisdiction to entertain the question because Section 3, of Article 6 of the State Constitution placed the determination of the question in the Legislature. Said Greenwood, J., in the opinion:

> "The Constitution, having committed to the Legislature, and withheld from the judiciary, the power to determine the eligibility of all elective state officers of the executive department, such power of determination must be exercised by the Legislature and could not be granted away to the courts, . . ."

> "If it is the Constitution which provides that a nonjudicial tribunal shall settle such cases, the decision thereof by such tribunal is beyond judicial control, unless plainly

If the courts of this state are without jurisdiction in such cases certainly it would be beyond the authority of the Attorney General to attempt to decide such questions.

Whenever the House of Representatives is called upon to pass upon the qualifications of one of ite members, it will, of course, be guided by the following provisions of the Texas Constitution:

> "Article 6, Section 2.  Every person subject to none of the foregoing disqualifications, who shall have attained the age of twenty- one years and who shall be a citizen of the United States and who shall have resided in this State one year next preceding an election and the last six months within the district or county in which such person offers to vote, shallbe deemed a qualified elector; provided, that electors living in any unorganized county may note at any election precinct in the county to which such county is attached for judicial purposes; and provided further that any voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election."

> "Article 3, Section 7.  No person shall be a Representative, unless he be a citizen of the United States, and at the time of his election, a qualified elector of this State, and shall have been a resident of this State two years next preceding his election, the last year thereof a resident of the district for which he shall be chosen, and shall have attained the age of twenty-one years."

The application of the above provisions is the function of the House of Representatives.

Yours very truly,

APPROVED NOV. 22, 1939
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

s/        Walter R. Koch

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN

By

Walter R. Koch
Assistant

WRK:n/ ldw